1  Roland Tong (State Bar No. 216836)
    *rjt@manningllp.com*
2  **MANNING & KASS**
3  **ELLROD, RAMIREZ, TRESTER LLP**
4  19800 MacArthur Blvd, Suite 900
    Irvine, California 92612
    Telephone: (949) 440-6690
5  Facsimile: (949) 474-6991
6
    Attorneys for Plaintiff Julie Nguyen
7

8              **UNITED STATES DISTRICT COURT**

9   **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11  Julie Mong Nguyen, d/b/a Sassy Lash,        | Case No.

12              Plaintiff,                       | **COMPLAINT FOR:**

13        v.                                     | **(1)  INFRINGEMENT OF A
                                                   REGISTERED MARK UNDER THE
14  Shauna L. Gardner, Michael D. Jones,          TRADEMARK ACT;**
    Sassy Lash Brands, Inc., Sassy Lash          **(2)  MISREPRESENTATION,
15  Class, Inc., Sassy Lash Supplies, LLC,        FALSE DESIGNATION OF
    Sassy Lashes, Inc, and DOES 1-10             ORIGIN, FALSE ADVERTISING,
16  inclusive,                                    AND UNFAIR COMPETITION
                                                   UNDER THE TRADEMARK ACT;**
17                                               **(3)  COMMON LAW FALSE
              Defendants.                         ADVERTISING AND UNFAIR
18                                                COMPETITION;**
                                                 **(4)  UNFAIR COMPETITION
19                                                UNDER CAL. BUS. & PROF. CODE
                                                   § 17200 AND THE COMMON LAW;**
20                                               **(5)  UNJUST ENRICHMENT; AND
                                                 (6)  TORTIOUS INTERFERENCE
21                                                WITH PROSPECTIVE ECONOMIC
                                                   ADVANTAGE.**
22
23                                               **JURY TRIAL DEMANDED**
24
25
26
27
28

4846-3927-1075.1                        1                        Case No.

**ORIGINAL COMPLAINT**

1   Plaintiff, Julie Mong Nguyen, d/b/a Sassy Lash ("Plaintiff"), by her attorneys,

2   as and for her Complaint against Defendants Shauna L. Gardner ("Gardner"),

3   Michael D. Jones ("Jones"), Sassy Lash Brands, Inc., Sassy Lash Class, Inc., Sassy

4   Lash Supplies LLC, Sassy Lashes, Inc., and DOES 1-10 (collectively,

5   "Defendants"), alleges as follows:

6   **INTRODUCTION**

7   1.   This action stems from Defendants' knowing, willful, and repeated use

8   of Plaintiff's trademark and other intellectual property in commerce, resulting in

9   consumer confusion and significant harm to Plaintiff, despite Plaintiff's repeated

10   demands that Defendants stop such infringing use.

11   2.   Since at least 2005, Plaintiff is and has been the exclusive owner of the

12   trademark and other intellectual property rights associated with the mark SASSY

13   LASH.

14   3.   In or around 2017 or 2018 Defendants began using marks confusingly

15   similar to Plaintiff's mark SASSY LASH mark, including SASSY LASHES,

16   SASSY LASH SUPPLIES, and SASSY LASH CLASS in marketing, promotion,

17   and offers for sale of their eyelash extension goods and services.

18   4.   Given the resultant marketplace confusion and significant harm

19   Plaintiff has suffered and is continuing to suffer as a result of Defendants' infringing

20   uses, Plaintiff seeks to permanently enjoin Defendants from using any marks in

21   commerce which are confusingly similar to Plaintiff's registered trademark, as well

22   as damages stemming from Defendants' trademark infringement, false designation

23   of origin, false advertising, unfair competition, unjust enrichment, and tortious

24   interference with prospective economic advantage.

25   **PARTIES**

26   5.   Plaintiff Julie Mong Nguyen is an individual doing business as Sassy

27   Lash with her principal place of business located at 2131 Chandler Drive, Tustin,

28   CA 92782.

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

4846-3927-1075.1

2

Case No.

**ORIGINAL COMPLAINT**

1       6.      Upon information and belief, Defendant Shauna L. Gardner is an

2   individual residing in Henderson, NV.

3       7.      Upon information and belief, Defendant Michael D. Jones is an

4   individual residing in Henderson, NV.

5       8.      Upon information and belief, at all times material hereto, Defendant

6   Sassy Lash Brands is and has been a corporation existing under and by virtue of the

7   laws of the State of Nevada with an address at 2560 St. Rose Parkway #101 & 102,

8   Henderson, NV 89074.

9       9.      Upon information and belief, at all times material hereto, Defendant

10  Sassy Lash Class is and has been a corporation existing under and by virtue of the

11  laws of the State of Nevada with an address at 385 E. Pilot Road, Suite F, Los

12  Vegas, NV 89119.

13      10.     Upon information and belief, at all times material hereto, Defendant

14  Sassy Lash Supplies LLC is and has been an limited liability company existing

15  under and by virtue of the laws of the State of Nevada with an address at 385 E.

16  Pilot Road, Suite F, Los Vegas, NV 89119.

17      11.     Upon information and belief, at all times material hereto, Defendant

18  Sassy Lashes is and has been a corporation existing under and by virtue of the laws

19  of the State of Nevada with an address at 2560 St. Rose Parkway #100, Henderson,

20  NV 89074.

21      12.     The true names, identities and capacities, whether individual, associate,

22  corporate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of

23  them (the "DOE Defendants"), are unknown to Plaintiff at this time, who therefore

24  sues the DOE Defendants by such fictitious names. When the true names and

25  capacities or participation of the DOE Defendants are ascertained, Plaintiff will

26  amend this complaint to assert the true names, identities and capacities. Plaintiff is

27  informed and believes and thereon alleges that each of the DOE Defendants sued

28  herein is responsible for the wrongful acts alleged herein, and is therefore liable to

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  Plaintiff in some manner for the events and happenings alleged in this complaint.

2  Plaintiff is informed and believes and thereon alleges that at all times herein

3  mentioned, the DOE Defendants were and are doing business and/or residing in this

4  District.

## JURISDICTION AND VENUE

6  13.    This is an action for trademark infringement arising under United

7  States trademark law, 15 U.S.C. § 1051 *et seq*. (the "Trademark Act"). Thus, this

8  Court has original jurisdiction over the subject matter of this action pursuant to 15

9  U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over

10  Plaintiff's related state and common law claims is proper pursuant to 28 U.S.C. §

11  1367 because the state claims are integrally related with the federal claims since

12  they arise from a common nucleus of operative facts and therefore administration of

13  the state law claims the federal claims furthers the interest of judicial economy.

14  14.    This Court has personal jurisdiction over Defendants because Plaintiff

15  is informed and believes, and on that basis alleges, that Defendants transact and do

16  business in this Judicial District and committed a tort in, or directed at, this District.

17  15.    The Central District of California is a proper venue pursuant to 28

18  U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to

19  Plaintiff's claims occurred in the Central District of California and a substantial part

20  of the events giving rise to the claim occurs in this District in which consumers are

21  likely to be confused by the infringing goods or services, or Defendant is advertising

22  or using infringing marks in this District.

## FACTUAL ALLEGATIONS

24  **Sassy Lash and Its Trademark**

25  16.    Plaintiff is a first generation immigrant who has successfully pursued

26  her American dream for the last 14 years, pioneering classic and volume lash

27  techniques and becoming an expert in providing eyelash extensions as well as

28  providing expert training services to aspiring eyelash extension providers.

4846-3927-1075.1

4

Case No.

**ORIGINAL COMPLAINT**

17.     In addition to providing eyelash extension and training services, Plaintiff also sells, among other things, artificial eyelashes, adhesives, and cosmetic preparations for eyelashes.

18.     Plaintiff has owned and marketed her eyelash extension goods and services under the trademark SASSY LASH since at least 2005 (the "SASSY LASH Mark") and has acquired broad common law rights in this trademark.

19.     Plaintiff has engaged in extensive marketing and promotion of her goods and services using the SASSY LASH Mark, and had enjoyed significant sales and longevity in the industry.

20.     Such sales and longevity has generated significant brand recognition and consumer goodwill--Plaintiff's branded services and merchandise have been praised and recognized in the cosmetics and beauty industry and through various media, earning rave reviews and testimonials from customers and in 2016 receiving the "People Love Us On Yelp" award from Yelp.com.

21.     On September 13, 2006 Plaintiff filed an application with the U.S. Patent and Trademark Office ("USPTO") for U.S. federal trademark registration of the SASSY LASH Mark with Serial No. 78,973,318.

22.     On March 18, 2008, the USPTO granted Plaintiff's application and registered the SASSY LASH Mark on the Principal Register with Registration No. 3,398,613 (the "SASSY LASH® Mark"). A true and correct copy of the foregoing registration is attached hereto as Exhibit A.

23.     The SASSY LASH® Mark is registered and active in the following International Classes:

- IC 003. US 001 004 006 050 051 052. G & S: Adhesives for affixing false eyelashes, artificial eyelashes; cosmetic preparations for eyelashes.

- IC 035. US 100 101 102. G & S: On-line retail store services featuring eyelash extensions, artificial eyelashes; Promoting the

**ORIGINAL COMPLAINT**

*MANNING&KASS*
*ELLROD, RAMIREZ, TRESTER LLP*
*ATTORNEYS AT LAW*

goods and services of others by arranging for sponsors to affiliate their goods and services with an awards program, a sports competition and sporting activities; Providing consumer information in the field of eyelash extensions, artificial eyelashes.

- IC 041. US 100 101 107. G & S: Arranging professional workshops, training courses and training services in the field of eyelash extensions, individual and strip artificial eyelashes, adhesives and removers for attaching and removing artificial eyelashes, coating, implements and application for eyelash extensions; providing on-line educational workshops and training courses in the field of eyelash extensions.

24.    Section 7(b) of the Trademark Act, 15 U.S.C. § 1057(b), provides: "A certificate of registration of a mark upon the principal register provided by this chapter shall be *prima facie* evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate."

25.    Plaintiff is the sole and exclusive owner of the SASSY LASH® Mark as used in connection with eyelash extension goods and services, as well as all of the goodwill associated therewith.

26.    The SASSY LASH® Mark is valid and incontestable. The registration of the SASSY LASH® Mark was duly and lawfully issued, and since its date of grant has been valid and subsisting and in full force and effect.

27.    Section 15 of the Trademark Act, 15 U.S.C. § 1065, provides in part that, "the right of the owner to use such registered mark in commerce for the goods or services on or in connection with which such registered mark has been in

**ORIGINAL COMPLAINT**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  continuous use for five consecutive years subsequent to the date of such registration

2  and is still in use in commerce, shall be incontestable . . ."

3      28.    An incontestable registration is "conclusive evidence of the validity of

4  the registered mark." 15 U.S.C. § 1115(b).

5      29.    On November 1, 2013, the USPTO acknowledged that the Declaration

6  of Incontestability Plaintiff filed for the SASSY LASH® Mark "meets the

7  requirements of Section 15 of the Trademark Act, 15 U.S.C. § 1065."

8      30.    The USPTO's acknowledgment means that Plaintiff's registration of

9  the SASSY LASH® Mark is "conclusive evidence of the validity of the registered

10  mark." TMEP § 1605 (8th Ed. Oct. 2018).

11  **Defendants' Unlawful Activities**

12      31.    Defendants operate several stores under the mark SASSY LASHES

13  which offer eye lash extension services.

14      32.    In particular, Defendants operate retail locations in Henderson, NV,

15  Summerlin, NV, Centennial Hills, NV and Phoenix, AZ.

16      33.    Defendants further maintain and operate at least three websites

17  marketing and promoting eyelash extension goods and services, including

18  www.sassylasheslv.com, which offers eyelash extension services,

19  www.sassylashsupplies.com, which offers eyelash supplies, and

20  www.sassylashclass.com, which offers classes and training courses.

21      34.    Upon information and belief, Defendants began marketing and selling

22  eyelash extension goods and services in 2017 or 2018 using marks confusingly

23  similar to Plaintiff's mark SASSY LASH® Mark, including SASSY LASHES,

24  SASSY LASH SUPPLIES, and SASSY LASH CLASS (the "Infringing SASSY

25  LASH Marks"). True and correct copies of screenshots from Defendants' websites

26  which show Defendants' use of the Infringing SASSY LASH Marks is attached

27  hereto as Exhibit B.

28  **Defendants' Failed Attempts to Register Their Infringing Marks**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**ORIGINAL COMPLAINT**

35.     Upon information and belief, on September 17, 2019 Gardner filed a trademark application with the USPTO for U.S. federal trademark registration of the mark SASSY LASH SUPPLIES with Serial No. 88,620,677 in IC 003 for "Eyelash extensions; artificial eyelashes; cosmetic preparations for eyelashes; adhesives for affixing artificial eyelashes; cosmetic masks; non-medicated eyelash preparations, namely, eye mist" and alleging date of first use of the mark as June 1, 2018.

36.     Upon information and belief, on September 17, 2019 Gardner filed a trademark application with the USPTO for U.S. federal trademark registration of the mark SASSY LASH SUPPLIES with Serial No. 88,620,684 in IC 008 for "Artificial eyelash tweezers; cases for tweezers" and alleging date of first use of the mark as June 1, 2018.

37.     Upon information and belief, on December 20, 2018 Jones, d/b/a Sassy Lash Supplies LLC, filed a trademark application with the USPTO for U.S. trademark registration of the mark SASSY LASH SUPPLIES with Serial No. 88,236,825 in IC 044 for "Eyelash extension services" and alleging date of first use as November 1, 2018.

38.     On March 19, 2019, the USPTO sent Jones an Office Action regarding his application for the mark SASSY LASH SUPPLIES refusing registration, *inter alia*, because of a likelihood of confusion with Plaintiff's SASSY LASH® Mark.

39.     On October 16, 2019, the USPTO issued an official Notice of Abandonment because it did not receive a response to its March 19, 2019 Office Action.

40.     Upon information and belief, on October 31, 2017 Gardner, d/b/a Sassy Lashes, filed a trademark application for the mark SASSY LASHES with Serial No. 87,665,607 in IC 044 for "Eyelash extension services" and alleging date of first use as October 30, 2015.

41.     On February 12, 2018 the USPTO sent Gardner an Office Action regarding her application for the mark SASSY LASHES refusing registration, *inter*

ORIGINAL COMPLAINT

1   *alia*, because of a likelihood of confusion with Plaintiff's SASSY LASH® Mark.

2       42.    On June 18, 2019, Gardner submitted a Response to the Office Action

3   arguing, *inter alia*, that there was no likelihood of confusion because the parties'

4   services and channels of trade were dissimilar.

5       43.    On July 6, 2018, the USPTO issued a Suspension Letter suspending

6   Gardner's application for the mark SASSY LASHES pending registration or

7   abandonment of prior-filed applications.

8       44.    The July 6, 2018 Suspension Letter also states that the refusal to

9   register because of a likelihood of confusion with Plaintiff's SASSY LASH® Mark

10   is "continued and maintained."

11 **Defendants' Attempts to Secure Rights in Plaintiff's SASSY LASH® Mark**

12       45.    In an apparent attempt to try and overcome the rejections of the

13   Defendants' trademark applications, Gardner contacted Plaintiff, initially pretending

14   to be a potential customer.

15       46.    After revealing Gardner's deception, Defendants asked Plaintiff if she

16   would enter into a coexistence agreement with them.

17       47.    Plaintiff refused Defendants' request to enter into a coexistence

18   agreement.

19       48.    Defendants then offered to purchase Plaintiff's SASSY LASH® Mark.

20       49.    Plaintiff again refused Defendants' offer.

21       50.    Apparently frustrated about Plaintiff's refusals, Defendants initiated a

22   cancellation proceeding with the USPTO in an underhanded attempt to cancel

23   Plaintiff's conclusively valid registration for her SASSY LASH® Mark.

24 **Plaintiff Has Suffered Substantial Harm as a Result of Defendants' Conduct**

25       51.    Upon information and belief, Plaintiff alleges that at all relevant times,

26   Defendants were aware of Plaintiff's proprietary interest in the trademark associated

27   with Plaintiff's SASSY LASH® Mark and willfully and intentionally infringed

28   upon Plaintiff's trademark.

**ORIGINAL COMPLAINT**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

52.     Plaintiff has requested that Defendants stop their use of the Infringing SASSY LASH Marks in Defendants' marketing, promotion, and distribution, as such uses clearly infringe upon Plaintiff's exclusive rights in her SASSY LASH® Mark.

53.     To date, Defendants have refused to comply with Plaintiff's requests.

54.     Defendants' continuing and willful infringement has caused actual consumer confusion and is likely to result in more confusion in the future. For example, Plaintiff has received complaints and other inquiries from purchasers of Defendants' products. A true and correct copy of an email Plaintiff received from one such customer is attached hereto as Exhibit C.

55.     Upon information and belief, Defendant's continuing and willful infringement has further resulted in reduced attendance at Plaintiff's classes and workshops. As a direct result, Plaintiff has lost sales and brand recognition.

56.     Defendants' continuing and willful interference with and their attempts to impermissibly undermine Plaintiff's conclusively valid and exclusive trademark rights in her SASSY LASH® Mark has also caused Plaintiff to suffer unnecessary costs in connection with defending her conclusive rights before the Trademark Trial and Appeal Board.

57.     Defendants' conduct is deliberate and intentional and is specifically intended to enrich Defendants, while causing harm and damage to Plaintiff at her direct expense.

## FIRST CLAIM FOR RELIEF

**(Infringement of a Registered Trademark Under 15 U.S.C. §§ 1114(1)(a))**

58.     Plaintiff repeats and realleges the allegations set forth in the preceding Paragraphs as though fully set forth herein.

59.     Defendants have used in commerce the SASSY LASH® Mark, as well as variations thereon, including, but not limited to, the Infringing SASSY LASH Marks.

4846-3927-1075.1

10

Case No.

**ORIGINAL COMPLAINT**

60. Defendants were not permitted or authorized to use Plaintiff's SASSY LASH® Mark on or in connection with Defendants' goods or services.

61. Defendants' use of the Infringing SASSY LASH Marks is likely to cause confusion with respect to the source and origin of Defendants' products and business and is likely to cause confusion or mistake and to deceive consumers as to the affiliation, connection, or association of Plaintiff with Defendants and/or the marketing or sale of its products.

62. As set forth more fully in Paragraph 54, Defendants' use of the Infringing SASSY LASH Marks has actually caused confusion with respect to the source and origin of Defendants' products and business, as consumers have falsely assumed that Defendants' products and business are affiliated with or connected to Plaintiff or vice versa.

63. Defendants' unauthorized uses of the Infringing SASSY LASH Marks constitutes willful infringement of Plaintiff's SASSY LASH® Mark in violation of Section 32 of the Trademark Act, 15 U.S.C. § 1114.

64. Defendants' use of the Infringing SASSY LASH Marks was made with full knowledge of Plaintiff's prior and extensive use of her SASSY LASH® Mark, and, upon information and belief, was done with the conscious, willful, and deliberate intent to divert to Defendants the benefit of the reputation and goodwill symbolized by the SASSY LASH® Mark, which belongs exclusively to Plaintiff.

65. Defendants acts as aforesaid were committed with knowledge that their use of the SASSY LASH® Mark was intended to cause confusion, mistake, or to deceive.

66. As a direct and proximate result of Defendants' willful and wrongful acts, Plaintiff has suffered, and continues to suffer, immediate and irreparable injury to Plaintiff and to her goodwill and reputation. Unless enjoined by this Court, Defendants will continue to use marks confusingly similar to Plaintiff's SASSY LASH® Mark, causing irreparable damage to Plaintiff and confusing the public.

4846-3927-1075.1

11

Case No.

**ORIGINAL COMPLAINT**

1      67.     Plaintiff has no adequate remedy at law.

2      68.     Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116

3 against Defendants, their officers, agents, and employees, and all persons acting in

4 concert with Defendants, from engaging in further acts of trademark infringement.

5      69.     In addition to a permanent injunction, Plaintiff is further entitled to all

6 other remedies available under the Trademark Act, including, but not limited to, the

7 recovery of damages from Defendants jointly and severally pursuant to 15 U.S.C. §

8 1117, as Defendants' infringing actions are willful. Damages recoverable include (1)

9 Defendants' profits, (2) treble damages, (3) disgorgement of profits, and (4) costs

10 and attorney's fees associated with this action in an amount to be proven at trial but

11 in no event less than $75,000.

**SECOND CLAIM FOR RELIEF**

**(Misrepresentation, False Designation of Origin,**

**False Advertising, and Unfair Competition Under 15 U.S.C. § 1125(a))**

15      70.     Plaintiff repeats and realleges the allegations set forth in the preceding

16 Paragraphs as though fully set forth herein.

17      71.     Defendant's use of Plaintiff's SASSY LASH® Mark and slight

18 variations in the form of the Infringing SASSY LASH Marks, as well as

19 Defendants' other actions as alleged herein constitutes use of Plaintiff's SASSY

20 LASH® Mark in commerce.

21      72.     Such use creates a false and misleading suggestion that such goods and

22 services originate with, or are sponsored, endorsed, or authorized, by Plaintiff.

23      73.     Defendants' unauthorized use of Plaintiff's SASSY LASH® Mark and

24 slight variations in the form of the Infringing SASSY LASH Marks constitutes a

25 false designation of origin, false or misleading description, and/or a

26 misrepresentation of fact which is likely to cause confusion, mistake or deceive as to

27 whether Plaintiff had anything to do with the origin, sponsorship, or approval of the

28 goods, services or commercial activities of Defendants, in violation of 15 U.S.C.

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

4846-3927-1075.1

12

Case No.

**ORIGINAL COMPLAINT**

1  §1125(a).

2  74. Defendants have similarly violated 15 USC §1125(a) in that their

3  commercial advertising or promotion using Plaintiff's SASSY LASH® Mark and

4  slight variations in the form of the Infringing SASSY LASH Marks constitutes

5  unfair competition and false designation of origin in that Defendants' conduct

6  misrepresents the nature, characteristics, qualities, and/ or origin of Defendants'

7  goods, services, and commercial activities.

8  75. As a direct and proximate result of Defendants' willful and wrongful

9  acts, Plaintiff has suffered, and continues to suffer, immediate and irreparable injury

10 to Plaintiff and to her goodwill and reputation. Unless enjoined by this Court,

11 Defendants will continue to use marks confusingly similar to Plaintiff's SASSY

12 LASH® Mark, causing irreparable damage to Plaintiff and confusing the public.

13 76. Plaintiff has no adequate remedy at law.

14 77. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116

15 against Defendants, their officers, agents, and employees, and all persons acting in

16 concert with Defendants, from engaging in further acts of trademark infringement.

17 78. In addition to a permanent injunction, Plaintiff is further entitled to all

18 other remedies available under the Trademark Act, including, but not limited to, the

19 recovery of damages from Defendants jointly and severally pursuant to 15 U.S.C. §

20 1117, as Defendants' infringing actions are willful. Damages recoverable include (1)

21 Defendants' profits, (2) treble damages, (3) disgorgement of profits, and (4) costs

22 and attorney's fees associated with this action in an amount to be proven at trial but

23 in no event less than $75,000.

24              **THIRD CLAIM FOR RELIEF**

25        **(Common Law False Advertising and Unfair Competition)**

26 79. Plaintiff repeats and realleges the allegations set forth in the preceding

27 Paragraphs as though fully set forth herein.

28 80. Defendants' use of Plaintiff's SASSY LASH® Mark and slight

4846-3927-1075.1                     13                        Case No.

**ORIGINAL COMPLAINT**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1 variations in the form of the Infringing SASSY LASH Marks constitutes material

2 false statements of fact concerning Defendants' affiliation, connection with, or

3 sponsorship by Plaintiff.

4      81.     Defendants knew or should have known that their use of Plaintiff's

5 SASSY LASH® Mark and slight variations in the form of the Infringing SASSY

6 LASH Marks is likely to mislead or confuse consumers.

7      82.     Defendants' false statements have actually deceived third parties or

8 have a tendency to deceive a substantial portion of the marketplace.

9      83.     Defendants' deception is material because it causes, or tends to cause

10 the consuming public to wrongfully believe that Defendants' goods or services are

11 affiliated, connected, or sponsored by Plaintiff when they are not.

12      84.     Through their advertising, Defendants have caused false statements to

13 enter interstate commerce.

14      85.     Defendants' false advertising violates the common law.

15      86.     Plaintiff has been damaged by Defendants willful misconduct in an

16 amount to be proven at trial.

17                  **FOURTH CLAIM FOR RELIEF**

18 **(Unfair Competition Under Cal. Bus. & Prof. Code § 17200 and Common Law)**

19      87.     Plaintiff repeats and realleges the allegations set forth in the preceding

20 Paragraphs as though fully set forth herein.

21      88.     Cal. Bus. & Prof. Code § 17200, *et seq.*, states that unfair competition

22 shall mean and include any "unlawful, unfair or fraudulent business act or practice."

23      89.     Defendants' actions as alleged herein constitute unlawful business acts

24 and/or practices under Cal. Bus. & Prof. Code § 17200, *et seq.* and the common law.

25      90.     Defendant's conduct constitutes unfair business acts and/or practices

26 because Defendants have unfairly used and infringed Plaintiff's SASSY LASH®

27 Mark in contravention of the Trademark Act while engaging in a business practice.

28      91.     Defendants' conduct constitutes fraudulent business acts and practices

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  because Defendants have deceptively and unfairly marketed, advertised, sold, and/or

2  distributed products under trademarks that are confusingly similar to Plaintiff's

3  SASSY LASH® Mark.

4        92.    As a direct and proximate result of Defendants' willful and wrongful

5  acts, Plaintiff has suffered, and continues to suffer, immediate and irreparable injury

6  to Plaintiff and to her goodwill and reputation. Unless enjoined by this Court,

7  Defendants will continue to use marks to deceptively and unfairly market, advertise,

8  and promote their business, causing irreparable damage to Plaintiff and confusing

9  the public.

10        93.    Plaintiff has no adequate remedy at law.

11        94.    Plaintiff is entitled to injunctive relief, restraining Defendants, their

12  officers, agents, and employees, and all persons acting in concert with Defendants,

13  from engaging in further acts of unfair competition.

14        95.    In addition to a permanent injunction, Plaintiff is further entitled to

15  recover from Defendants the actual damages that it has sustained and/or is likely to

16  sustain as a result of Defendants' wrongful acts of unfair competition in an amount

17  to be proven at trial but in no event less than $75,000.

18        96.    Plaintiff is further entitled to recover from Defendants the gains,

19  profits, and advantages that Defendants have obtained as a result of its wrongful acts

20  of unfair competition in an amount to be proven at trial but in no event less than

21  $75,000.

22        97.    Due of the willful nature of Defendant's wrongful acts, Plaintiff is

23  entitled to an award of punitive damages.

24                          **FIFTH CLAIM FOR RELIEF**

25                             **(Unjust Enrichment)**

26        98.    Plaintiff repeats and realleges the allegations set forth in the preceding

27  Paragraphs as though fully set forth herein.

28        99.    The egregious and illegal acts of Defendants as described above

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  constitute misappropriation of Plaintiff's valuable trademark.

2      100.   As a direct and proximate result of Defendants' misappropriation of

3  Plaintiff's SASSY LASH® Mark, Defendants received a benefit they otherwise

4  would not have received in the form of increased profits and goodwill at Plaintiff's

5  expense.

6      101.   Defendants have been unjustly enriched in an amount to proven at trial.

7      102.   Defendant's retention of monies gained through its deceptive business

8  practices and infringements would serve to unjustly enrich Defendants and would be

9  contrary to the interests of justice.

10                        **SIXTH CLAIM FOR RELIEF**

11        **(Tortious Interference with Prospective Economic Advantage)**

12      103.   Plaintiff repeats and realleges the allegations set forth in the preceding

13  Paragraphs as though fully set forth herein.

14      104.   Plaintiff is engaged in an economic relationship with her customers and

15  prospective customers in connection with her branded services and merchandise.

16      105.   Defendants have knowledge of Plaintiff's SASSY LASH® Mark and

17  related information, and the existence of relationships between customers and

18  Plaintiff.

19      106.   By using Plaintiff's SASSY LASH® Mark and the Infringing SASSY

20  LASH Marks in commerce, Defendants intended to disrupt Plaintiff's relationships

21  with her customers or knew that such disruption was certain or substantially certain

22  to occur.

23      107.   As a direct and proximate result of Defendants' willful and wrongful

24  acts, Plaintiff has suffered, and continues to suffer, immediate and irreparable injury

25  to Plaintiff and to her goodwill and reputation, and has been deprived, and will

26  continue to be deprived, of sales and business that would have otherwise been

27  available to Plaintiff if not for Defendants' interference.

28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    108.    These acts were committed with the intent to injure and Plaintiff's

2  current and future business expectancies with customers and consumers and were

3  and are a substantial factor in causing Plaintiff's harm.

**PRAYER FOR RELIEF**

5    WHEREFORE, Plaintiff respectfully requests judgment as follows:

6    (a)    On Plaintiff's First Claim, injunctive relief, as well as damages

7  in an amount to be proven at trial for trademark infringement under 15 U.S.C. §

8  1114(a);

9    (b)    On Plaintiff's Second Claim, injunctive relief, as well as

10  damages in an amount to be proven at trial for false designation of origin under 15

11  U.S.C. §1125(a);

12    (c)    On Plaintiff's Third Claim, injunctive relief, as well as damages

13  to be proven at trial for common law false advertising and unfair competition;

14    (d)    On Plaintiff's Fourth Claim, injunctive relief, as well as damages

15  in an amount to be proven at trial for unfair, fraudulent, and illegal business

16  practices under Cal. Bus. & Prof. Code § 17200;

17    (e)    On Plaintiff's Fifth Claim, disgorgement of Defendants' profits

18  under 15 U.S.C. § 1117(a) and the common law;

19    (f)    On Plaintiff's Sixth Claim, injunctive relief, as well as damages

20  in an amount to be proven at trial for tortious interference with prospective

21  economic relations;

22    (g)    an order requiring that Defendants provide complete accountings

23  and for equitable relief, including that Defendants disgorge and return or pay their

24  ill-gotten gains obtained from the illegal transactions entered into and or pay

25  restitution, including the amount of monies that should have been paid if Defendants

26  complied with their legal obligations, or as equity requires;

27    (h)    an order that an asset freeze or constructive trust be imposed

28  over all monies and profits in Defendant's possession which rightfully belong to

4846-3927-1075.1

Case No.

**ORIGINAL COMPLAINT**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  Plaintiff;

2     (i)  destruction of the infringing articles in Defendant's possession

3  under 15 U.S.C. § 1118;

4     (j)  awarding Plaintiff her costs and attorney's fees in this action; and

5     (k)  entering such other relief to which Plaintiff may be entitled as a

6  matter of law or equity, or which this Court determines to be just and proper.

7         **DEMAND FOR A JURY TRIAL**

8    Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Civil

9  Rule 38-1, Plaintiff hereby demands a jury trial on all issues so triable.

10

11

12  DATED:  October 18, 2019    **MANNING & KASS**
               **ELLROD, RAMIREZ, TRESTER LLP**

13

14

15            */s/ Roland Tong*

16            Roland Tong
          Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

4846-3927-1075.1          18        Case No.
             **ORIGINAL COMPLAINT**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW